PER CURIAM: *
This court has already decided the same issues in this appeal for the defendant’s co- *906 conspirators in United States v. Morganfield, 501 F.3d 453 (5th Cir.2007). In accordance with this binding precedent, we now also AFFIRM in part, REVERSE in part, VACATE Alexis Morganfield’s sentence, and REMAND for re-sentencing.
Alexis Morganfield was a co-conspirator in the check cashing scheme described in Morganfield, 501 F.3d at 456-57. Like his co-conspirators in Morganfield, Alexis now appeals three counts in his conviction: conspiracy to utter a fictitious instrument in violation of 18 U.S.C. § 514(a)(2); aiding and abetting the uttering of a fictitious instrument in violation of 18 U.S.C. § 514(a)(2) and 18 U.S.C. § 2; and aiding and abetting bank fraud in violation of 18 U.S.C. § 1344 and 18 U.S.C. § 2. His co-conspirators’ indictments and convictions in Morganfield are materially indistinguishable from Alexis Morganfield’s with respect to the legal issues in their appeals. As with Alexis’s co-conspirators in Morganfield, Alexis also challenges his two convictions for “uttering of a fictitious instrument” in violation of 18 U.S.C. § 514(a)(2). He identically challenges the convictions by contending that there is insufficient evidence to find him guilty, because a facially genuine check, even if worthless, is not, as a matter of law, a “false or fictitious instrument.” In Morganfield, a prior panel agreed and reversed his co-conspirators’ § 514 convictions. 501 F.3d at 457-61. We must now do the same in this case, because the prior panel held that the checks in this scheme are not “fictitious instruments” within the ambit of § 514. Alexis Morganfield also raises the exact same challenges to his bank fraud § 1344 conviction as his co-conspirators in Morganfield. The prior panel disagreed with his co-conspirators’ ehallenges, and, therefore, those issues are now foreclosed by Morganfield. Id. at 463-69. Accordingly, we now AFFIRM his § 1344 conviction; REVERSE his § 514 convictions;[1] VACATE his sentence; and REMAND for re-sentencing.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under *906 the limited circumstances set forth in 5th Cir. R. 47.5.4.

. We need not reach Alexis Morganfield’s other challenges to his § 514 convictions, because we now reverse the convictions based on binding precedent.